UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MacNEIL AUTOMOTIVE PRODUCTS, LIMITED, d/b/a WEATHERTECH,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>YITA LLC d/b/a OEDRO and/or YITAMOTOR; and LED KINGDOMUS,<br><br>　　　　　　Defendants. | C20-278 TSZ |
| MacNEIL AUTOMOTIVE PRODUCTS, LIMITED, d/b/a WEATHERTECH,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>JINRONG (SH) AUTOMOTIVE ACCESSORY DEVELOPMENT CO., LTD.; and RUI DAI,<br><br>　　　　　　Defendants. | C20-856 TSZ<br><br>**MOTION FOR RECONSIDERATION ON ORDER ON MOTION TO STAY (C20-856, Dkt. #74)**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 17, 2020** |

## INTRODUCTION

Defendant Jinrong (SH) Automotive Development Co., LTD ("Jinrong"), ("Defendant") seeks reconsideration of the Court's Order (C20-856 TSZ, Dkt. #74)

**MOTION FOR RECONSIDERATION ON ORDER ON MOTION TO STAY (C20-856, Dkt. #74) - 1**

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

129645.0002/8075328.1

denying Defendant Jinrong's Motion to Stay Case.

## LEGAL STANDARD

Motions for reconsideration are disfavored, however, they may be granted upon a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. *See* LR 7(h)(1). The motion "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LR 7(h)(2)

## GROUNDS FOR RECONSIDERATION

**A.      Matters Overlooked of Misapprehended**

The Court denied Jinrong's motion because "[Jinrong] is not a party to any proceeding before the PTAB." (C20-856 TSZ, Dkt. #74.) This overlooks the fact that Yita was required by law to name Jinrong as a real party in interest ("RPI") to all four IPRs. *See* 35 U.S.C. § 312(a)(2). As an RPI, Jinrong is treated just like a party for estoppel purposes. *See* 35 U.S.C. § 315(e)(1)-(2). As MacNeil aptly explained in its opposition to Jinrong's motion, "[i]f the Defendants' IPRs fail, their invalidity claims are over before this Court. As Defendants concede, they would be barred from raising any invalidity defense before this Court that they could have raised in their IPR petitions." (C20-00278, Dkt. #71 at 7:10-14.) This is so because Jinrong is an RPI. *See* 35 U.S.C. § 315(e)(1)-(2). Thus, whether Jinrong is a party to the IPR is not relevant to the Court's decision to stay the case. All the same reasons supporting stay of the case against Yita apply with equal force to Jinrong. Indeed, any benefit achieved by staying the case against Yita may be wiped out by the decision denying stay against Jinrong given that both parties are related and *equally interested* in the outcome of this dispute.

MOTION FOR RECONSIDERATION ON
ORDER ON MOTION TO STAY (C20-856, Dkt. #74)
- 2

LOWE GRAHAM JONES ᴾᴸᴸᶜ

129645.0002/8075328.1

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    In opposition to Jinrong's motion to stay, the plaintiff, MacNeil Automotive
2    Product, Limited ("MacNeil"), argued that because Jinrong was a non-party, MacNeil
3    should be entitled to "targeted, expedited discovery" against Jinrong, explaining that
4    "[d]iscovery before the PTAB is already limited, but discovery on a non-party, especially
5    a foreign entity, is nearly impossible." (C20-00278, Dkt. #71 at 8-9 (citing 37 CFR
6    42.52).)[1] In reply, Yita and Jinrong explained that MacNeil's request was an attempt to
7    circumvent federal regulations expressly limiting discovery in IPRs, citing cases rejecting
8    similar arguments by a patent owner that it would be "tactically disadvantaged" by the
9    limited discovery in IPRs. (C20-278, Dkt. #72 at 4-5 (citing cases).) The Court's decision
10   to deny a stay of the case against Jinrong while simultaneously granting a stay of the case
11   against Yita conflicts with the careful policy underlying the statutory framework for IPRs
12   which "limits the issues authorized by Congress to be raised in IPR proceedings or the
13   discovery allowed to be taken in such proceedings." *Roche Molecular Sys. v. Cepheid*,
14   2015 U.S. Dist. LEXIS 2109 *22, 2015 WL 124523 at *7 (N.D. Cal. Jan. 7, 2015)

   **B.    New Matters Being Brought to the Court's Attention for the First Time**

17   MacNeil did *not* argue that this case should be stayed against Yita only or that the
18   cases were insufficiently related that they should no longer be consolidated pursuant to Fed.
19   R. of Civ. P. 42. (C20-00278, Dkt. #71-5 (proposed order); Dkt. #71 at 8-9.) Thus, there
20   was no opportunity for Jinrong to respond to that argument.
21   As noted above, Defendants responded to MacNeil's argument that Jinrong should
22   be granted expedited discovery based on the fact that Jinrong was not a party to this IPR. In
23   hindsight, Jinrong could have pointed out the fact that its status as a non-party was irrelevant
24   because it was an RPI. However, this oversight is explained by the fact that MacNeil never

---

[1] The regulation cited by MacNeil makes no distinction between discovery from a party versus a non-party. *See* 37 CFR 42.52.

**MOTION FOR RECONSIDERATION ON ORDER ON MOTION TO STAY (C20-856, Dkt. #74) - 3**

argued that this case should be stayed against Yita and not Jinrong or that the cases were insufficiently related that they should no longer be consolidated pursuant to Fed. R. of Civ. P. 42. Additionally, it was understood and conceded by the parties that Jinrong was equally bound *along with Yita* by any result in the IPR (C20-00278, Dkt. #71 at 7:10-14)—a true fact because Jinrong is an RPI. *See* 35 U.S.C. § 315(e)(1)-(2).

### C.  Particular Modifications Being Sought

Jinrong respectfully requests that the Court stay both cases because the reasons to stay the case against Yita apply with equal force to Jinrong. Jinrong is an RPI and thus bound by any result in the proceedings before the PTAB. Allowing discovery to proceed against Jinrong may eliminate any benefits of the stay against Yita because both defendants are equally interested in the outcome of this dispute.

### CONCLUSION

For all the foregoing reasons, Jinrong respectfully request that the Court grant this motion for reconsideration

Dated this 17th day of August, 2020

LOWE GRAHAM JONES PLLC

/s/ Mark P. Walters

Mark Walters, WSBA #
walters@lowegrahamjones.com
701 Fifth Avenue, Suite 4800
Seattle, WA  98104

*Attorneys for Defendant Jinrong (SH) Automotive Accessory Development CO., LTD.*

MOTION FOR RECONSIDERATION ON
ORDER ON MOTION TO STAY (C20-856, Dkt. #74) - 4

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

I, Rischel Voigt, hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system and/or electronic mail on August 17th, 2020.

Dated: August 17th, 2020

By: */s/Rischel Voigt*
Rischel Voigt, Paralegal

MOTION FOR RECONSIDERATION ON
ORDER ON MOTION TO STAY (C20-856, Dkt. #74) - 5

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301