UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MacNEIL AUTOMOTIVE PRODUCTS
LIMITED d/b/a WEATHERTECH; and
MacNEIL IP LLC,

   Plaintiffs,

   v.

JINRONG (SH) AUTOMOTIVE
ACCESSORY DEVELOPMENT CO.,
LTD.; and RUI DAI,

   Defendants.

C20-856 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Plaintiffs' motion for leave to amend, docket no. 193, is GRANTED, and plaintiffs shall electronically file their Second Amended Complaint within seven (7) days of the date of this Minute Order.  Any responsive pleading or motion shall be filed within twenty-one (21) days after the Second Amended Complaint is filed.  Plaintiffs propose to include in their Second Amended Complaint additional factual allegations and two new claims, namely that defendant Jinrong (SH) Automotive Accessory Development Co., Ltd. ("Jinrong") has infringed United States Patent Nos. 8,899,655 (the "'655 Patent") and 9,138,917 (the "'917 Patent).  In opposing plaintiffs' motion, Jinrong asserted:  (i) it would be prejudiced by joinder of the new claims because it might not be able to secure a stay of this litigation if it pursues inter partes review ("IPR") proceedings concerning the '655 and '917 Patents; (ii) it would be prejudiced because, if the amendment is deemed to "relate back" to the date of plaintiffs' original pleading (April 11, 2019), plaintiffs would be entitled to more damages than if plaintiffs were required to file a new action asserting

MINUTE ORDER - 1

infringement of the '655 and '917 Patents; (iii) the new patent infringement claims are futile because plaintiffs cannot plausibly assert that Jinrong "imported" into the country products that were manufactured abroad by a process patented in the United States, as required for liability under 35 U.S.C. § 271(g); (iv) the Second Amended Complaint fails to state with specificity which products were manufactured using the patented processes; and (v) because plaintiffs seek to amend their operative pleading after the deadline for doing so has expired, they must, but cannot, show "good cause," as required by Federal Rule of Civil Procedure 16(b)(4) for purposes of modifying a case schedule.  *But see* Fed. R. Civ. P. 15(a)(2) (directing courts to "freely give leave [to amend] when justice so requires").  The Court concludes that, regardless of whether the applicable standard is "freely give[n] leave" or "good cause," plaintiffs should be allowed to amend their pleading.  Whether the amendment "relates back" for purposes of calculating damages or for any other reason is an question for a later date.  Also premature is Jinrong's argument that plaintiffs must, but cannot, prove importation by Jinrong itself as an element of their new infringement claims; § 271(g) also imposes liability for offering to sell within the United States a product made by a U.S. patented process, and plaintiffs' new factual allegations indicate that Jinrong attempted to sell its products and/or services at trade shows in Las Vegas, Nevada.  Whether plaintiffs can support their accusations with evidence and whether such facts, if established, would render Jinrong liable, are topics for a different stage of this litigation.  Given the procedural posture of this matter, in which claim construction and subsequent dates and deadlines will not be set until after the IPR proceedings involving the two existing patents-in-suit are concluded, *see* Order at 25 (docket no. 187); *see also id.* at 3 n.1, the Court concludes that Jinrong will not be prejudiced by the filing of the Second Amended Complaint.  To the extent the Second Amended Complaint lacks details concerning which products are accused and in what manner their manufacturing methods infringed the '655 and '917 Patents, plaintiffs may cure such deficiency by serving the infringement contentions required by Local Patent Rule 120 within fourteen (14) days of the date of this Minute Order.

  (2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

  Dated this 22nd day of November, 2021.

            Ravi Subramanian
            Clerk

            s/Gail Glass
            Deputy Clerk

MINUTE ORDER - 2